UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**FILED**

JUL 30 2015

DAVID CREWS, CLERK
BY_____
Deputy

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:15CR045

DONOVAN LIPICH

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to plead guilty under oath to Count One of the Indictment, which charges that defendant, being a person required to register under the Federal Sex Offender Registration and Notification Act, knowingly failed to update a registration as a sex offender as required by the laws of the State of Missouri, and knowingly failed to register as a sex offender in the State of Mississippi; all in violation of Title 18, United States Code, Section 2250(a), which carries maximum possible penalties of 10 years imprisonment, not less than 5 years and up to life supervised release, $250,000 fine, and a special assessment of $100.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3. MONETARY PENALTIES: The defendant agrees not to object to the District Court ordering all monetary penalties (including but not limited to special assessment, fine, court

costs, and restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable immediately, the defendant also agrees not to object to the District Court imposing a schedule of payments as merely a minimum schedule of payments and neither the only method nor a limitation on the methods available to the United States to enforcement the judgment. The defendant further agrees that any monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

4. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

5. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

6. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all promises,

agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the _9th_ day of _July_, 20_15_.

*[signature]*, FAUSA
FELICIA C. ADAMS
United States Attorney
MS Bar No. 1049

AGREED AND CONSENTED TO:

*[signature]*
DONOVAN LIPICH
Defendant

APPROVED:

*[signature]*
GEORGE LUCAS
Assistant Federal Public Defender
Mississippi Bar No. _____